# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JAMES WILLIAMS,** *pro se,*

   **Plaintiff,**

v.                                                       Case No.  8:10-cv-2303-T-30TBM

**DAVEY TREE EXPERT COMPANY,**

   **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 33).[1] The Court, having considered the motion, and being otherwise advised, concludes that the motion should be granted.

### Background

*Pro se* Plaintiff James Williams alleges that during his employment with Defendant Davey Tree Expert Company, ("Davey Tree"), Defendant discriminated against him based upon his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. Inter alia,* Plaintiff alleges that, due primarily to his race, he was: (1) subject to discriminatory discharge; (2) inadequately compensated; (3) made to work in

---

[1] Plaintiff has failed to respond to this Motion by the appropriate deadline despite being granted an extension to do so. Moreover, Plaintiff has failed to respond to this Court's Order to Show Cause (Dkt. 39) ordering Plaintiff to show cause why this Court should not consider Defendant's Motion for Summary Judgment without a response from Plaintiff. As Plaintiff has to date failed to file any reply despite being given ample time to do so, this Court considers Defendant's Motion for  Summary Judgment without a reply from Plaintiff.

crews as the sole minority; (4) discriminated against for seeking medical treatment; (5) forced to work in a hostile work environment; (6) constructively discharged; and (7) subjected to a pattern and practice of discrimination. In addition, Plaintiff alleges that Davey Tree is liable for the intentional infliction of emotional distress.

Davey Tree Expert Company specializes in tree and lawn care, employing approximately 6,800 employees nationwide. Plaintiff Williams was employed at Davey Tree from March 2006 until July 2008.

While employed at Davey Tree, Plaintiff primarily worked on Davey Tree's "Withlacoochee Utility Contract" project. On this project Davey Tree was responsible for clearing lines for the utility company, clearing tree growth from power lines, clearing rights-of-way, and performing chemical brush control. For this work Davey Tree typically utilized crews of 3-4 persons, including one work foreman and one or more trimmers and groundsmen. Trimmers were responsible for trimming trees and brush around the utility lines, groundsmen were responsible for collecting the fallen trimmings and disposing of them in a wood "chipper," and foremen were responsible for both directing and helping out with this work. During the length of his employment, Plaintiff Williams worked as a groundsman or "chipper." Plaintiff alleges that he also frequently drove Davey Tree's trucks.

On or about July 11, 2008, Tim Gensler presented Plaintiff Williams with a "disciplinary write-up." The write-up stated that a number of foremen did not want to work with Williams, alleging that he was difficult to work with. Although Plaintiff denies that he was difficult to work with, he admits that these Davey Tree foremen did not appreciate the

fact that he frequently complained about their performance to their supervisor, Mr. Gensler. According to Plaintiff, his complaining about their performance was the real reason why these foremen did not want to work with him.

Williams states that upon being presented with this disciplinary write-up he was given the choice of either acknowledging it by signing the document, or being terminated. Upset, Plaintiff declined to sign the document and instead wrote "these are all lies" across the write-up. Plaintiff alleges that after doing so he was told to leave the work site. Upon leaving, Plaintiff failed to show up for work for three consecutive days.

Williams' employment was later terminated. According to Defendant, Plaintiff was terminated in accordance with its standard policy of accepting three consecutive days of non-communication as a "voluntary surrender" of employment. Plaintiff disputes this alleged reason for his termination, arguing that he was really fired because of his race. Moreover, Williams alleges that he was mistreated by Davey Tree in various other ways, due primarily to his race.

**Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.,* 881 F.2d 1041, 1045 (11th Cir. 1989).

A district court cannot base the entry of summary judgment on the mere fact that a motion for summary judgment was unopposed, but, rather, must consider the merits of the motion. *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. *Id.* At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."). In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed." *Dunlap*, 858 F.2d at 632.

## Discussion

### I.     Title VII Disparate Treatment Standard

As briefly discussed above, Plaintiff Williams brings several claims against Defendant Davey Tree. The majority of Plaintiff's claims allege some form of racial discrimination, claims which are most appropriately analyzed under Title VII's disparate treatment rubric. Accordingly, this standard is summarized below.

In order to prevail on a charge of disparate treatment under Title VII, a plaintiff must present either direct or circumstantial evidence of discriminatory intent. *EEOC v. Joe's Stone Crab, Inc.,* 220 F.3d 1263, 1286 (11th Cir. 2000) (citing *Harris v. Shelby County Bd. Of Ed.,* 99 F. 3d 1078, 1083 (11th Cir. 1996)).

Direct evidence of discrimination is "evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption of discrimination." *Joe's Stone Crab,* 220 F.3d at 1286 (quoting *Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998)). Direct evidence must clearly show an intent to discriminate based upon some prohibited factor, such as race. *Dixon v. Hallmark Cos., Inc.,* 627 F.3d 849, 854 (11th Cir. 2010) (citing *Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1086 (11th Cir. 2004)). For example, a blatant remark ordering the termination of an employee because of that employee's age or race would constitute direct evidence of discrimination. *See id.* at 855. If a plaintiff lacks direct evidence of discrimination, he must rely on circumstantial evidence. *Joe's Stone Crab,* 220 F.3d at 1286.

In order to establish a Title VII disparate treatment claim based upon circumstantial evidence, a plaintiff must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) similarly situated employees outside of his protected class were treated more favorably, and; (4) he was qualified to do the job. *See Joe's Stone Crab,* 220 F.3d at 1286 (citing *Maniccia v. Brown,* 171 F.3d 1364, 1368 (11th Cir. 1999)).

If a plaintiff succeeds in establishing a prima facie case of disparate treatment, then the burden shifts to the employer to present a "legitimate, non-discriminatory reason for its employment action." *Id.* (citing *Holifield v. Reno*, 115 F. 3d 1555, 1564 (11th Cir. 1997). If the employer produces such a reason, then the Plaintiff has the burden of showing that the proffered reason is merely a pretext for the employer's action. *Id.*

## II.     Plaintiff's Title VII Claim of Discriminatory Discharge

The Court grants Defendant Davey Tree's Motion for Summary Judgment with respect to Plaintiff's claim of discriminatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Even assuming all of Plaintiff's alleged facts to be true, Plaintiff Williams has nonetheless failed to raise a genuine issue of material fact with respect to his discriminatory discharge claim. Consequently, Defendant Davey Tree is entitled to summary judgment on this issue as a matter of law.

While Plaintiff alleges that he was subject to discriminatory discharge, he presents no direct evidence that shows that he was subject to any kind of discriminatory treatment because of his race. Accordingly, he must rely on circumstantial evidence if he hopes to show a claim for disparate treatment.

In order to establish a Title VII disparate treatment claim based upon circumstantial evidence, Plaintiff Williams must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) similarly situated employees outside of his protected class were treated more favorably, and; (4) he was qualified to do the job. *See Joe's Stone Crab,* 220 F.3d at 1286 (citing *Maniccia,* 171 F.3d at 1368).

Although Plaintiff, as an African-American, is a member of a protected class and was subjected to an adverse employment action (his termination), Plaintiff Williams cannot satisfy the third element of the test. While Plaintiff contends in conclusory fashion that he was terminated because of his race, he presents neither evidence nor allegations showing that similarly situated non-African-American employees were treated more favorably.

First, even if Plaintiff was terminated as a result of his refusing to sign his disciplinary write-up, this fact would be insufficient to show that Plaintiff was terminated because of his race. Indeed, Plaintiff essentially concedes that his disciplinary write-up had nothing to do with his race. According to Plaintiff he received the write-up because Davey Tree foremen did not appreciate the fact that he frequently complained to their supervisor about their allegedly sub-standard work. (Williams, 74). The undisputed record fails to show that their complaints against Mr. Williams had anything to do with his race. Thus, there is simply nothing to suggest that in receiving the write-up Williams was treated less favorably then similarly situated non-African-American employees.

Second, Plaintiff fails to provide any evidence demonstrating that non-African-American employees were not terminated after failing to show up to work for three consecutive days in accordance with the Defendant's policy. On the contrary, the undisputed record shows that Defendant terminated ninety Caucasian employees between January 1, 2007, and December 31, 2008, for failure to report to work for three consecutive days. (Straub, 1).

In sum, Plaintiff cannot show that his firing was in any way based upon his race. As a result, he cannot satisfy the third prong of the four-part test making him unable to sustain a prima facie case for discriminatory discharge. Accordingly, this charge should be dismissed.

### III. Plaintiff's Claim for Inadequate Compensation

The Court grants Defendant Davey Tree's Motion for Summary Judgment with respect to Plaintiff's claim of inadequate compensation. Even upon reviewing the record in a light most favorable to the Plaintiff, it is clear that Plaintiff Williams has failed to raise a genuine issue of material fact that would allow him to survive summary judgment. Accordingly, Defendant Davey Tree is entitled to summary judgment on this issue as a matter of law.

Plaintiff alleges in both his First Amended Complaint and in his deposition that he was inadequately compensated for driving Davey Tree's trucks, being paid a dollar less an hour than other drivers who possessed a valid Commercial Driver's License ("CDL"). It is unclear from the record whether Plaintiff believes that he was paid less because of his race or because of some other factor; however, regardless of the reason, the undisputed record shows that Plaintiff has failed to show any recognizable right to relief.

First, Plaintiff cannot demonstrate that his lower compensation was based upon his race as he essentially concedes that his lack of a CDL, *not his race,* was the real reason that

he was paid less than other drivers.[2] Moreover, Plaintiff was unable to identify a single Caucasian employee who was compensated at a higher rate for driving a truck without a CDL. (Williams, 44-46). In short, Plaintiff's conclusory allegation that he was compensated less because of his race is baseless.

Second, Plaintiff has failed to otherwise demonstrate that he had a right to equal pay for the performance of equal work. Although Plaintiff asserts in his Amended Complaint that Davey Tree violated the "Equal Pay Act of X" by paying him a dollar less per hour to do the same job as other drivers, such an assertion presents no cognizable cause of action. Indeed, Williams has failed to identify any recognizable legal rule that would entitle an individual with lesser qualifications to receive pay equal to those more qualified.

For all of the above reasons, Plaintiff's claim that he was inadequately compensated in violation of Title VII, and/or a believed right to "equal pay" must be dismissed. Accordingly, Defendant Davey Tree is entitled to summary judgment on this issue as a matter of law.

### IV. Plaintiff's Claim that He was Assigned to Crews as the Sole Minority

Plaintiff claims that he was placed on crews in which he was the sole minority employee, which he alleges might have had something to do with his race. This claim might be charitably interpreted as another Title VII claim for impermissible employment discrimination on the basis of race. If so, Plaintiff has failed to show a valid Title VII cause

---

[2] In his deposition, Plaintiff admits that he did not possess a CDL and concedes that he would have been paid a dollar more per hour had he possessed a CDL. (Williams, 42).

of action, and this claim must also be dismissed. Accordingly, Defendant Davey Tree is entitled to summary judgment on this issue as a matter of law.

Although Plaintiff alleges that he was often placed on crews in which he was the sole minority employee, he alleges no facts showing that such placement was motivated by a discriminatory animus. First, Plaintiff concedes that only about 10 African-Americans were employed by Davey Tree on the Withlacoochee contract and that with approximately 18 crews it would not have been unusual for a crew to have had only a single minority member, or none at all. (Williams, 52-53).

Second, Plaintiff himself is not even sure that his assignment to crews was in any way motivated by a discriminatory intent. Indeed, when asked if he believed that he was assigned to particular crews because of his race, Plaintiff replied: "I don't know. I'm not going to say that. I'm uncertain. It may have something to do with it." (Williams, 51-52).

As Plaintiff fails to present any evidence suggesting that Davey Tree engaged in prohibited discrimination by sometimes placing him on crews as the sole minority member, this latest claim must also be dismissed.

### V.     Plaintiff's Claim that He Suffered Discrimination for Seeking Medical Care

The Court concludes that Plaintiff's claim that he was discriminated against for undergoing medical treatment should also be dismissed; accordingly, Defendant Davey Tree is entitled to summary judgment on this issue as a matter of law.

Although Plaintiff Williams alleges that he was discriminated against for undergoing medical treatment, the specific nature of this claim is very unclear. In his deposition Williams states that he was terminated shortly after he started taking medication for hypertension, so his allegation might be that he was fired for seeking such treatment. (Williams, 41, 59-61). While such an allegation might state a valid cause of action, Williams has failed to offer any evidence in support of such a claim that would entitle him to survive summary judgment on this issue.

Indeed, in his deposition Williams conceded that he never even informed Defendant Davey Tree that he was on medication, and nothing else in the record suggests that Davey Tree possessed knowledge of his condition. (Williams, 61-62). Nor does anything in the record tend to show that he was discriminated against for seeking such treatment. For all of these reasons, it is clear that Plaintiff has failed to state any kind of cognizable claim; thus, this claim should also be dismissed.

**VI.    Plaintiff's Claim that He was Subject to a Hostile Work Environment**

Upon reviewing the record in a light most favorable to the Plaintiff, the Court concludes that Plaintiff Williams has failed to show that he was subjected to a hostile work environment. Consequently, Defendant Davey Tree is entitled to summary judgment on this issue as a matter of law.

In order to show a Title VII hostile work environment claim, a plaintiff must show that "'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and

create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1275 (11th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)). To establish such a claim, Plaintiff Williams must show that: (1) he is a member of a protected group; (2) he has been subject to unwelcome harassment; (3) which was based upon his protected status; (4) such harassment was sufficiently severe or pervasive to create an abusive working environment; and (5) Defendant can be properly held to be responsible for such harassment under a theory of direct or vicarious liability. *Id.*

Here, beyond showing that he is a member of a protected class, Plaintiff has failed to show the existence of any of these elements. For example, Plaintiff falls far short of proving the second required element, that he was subject to unwelcome harassment.

Although Plaintiff argues that he was harassed because his supervisors often refused to talk to him at work and were "distant," (Williams, 55-57) such allegations, even if true, fall far short of establishing that Defendant engaged in conduct sufficient "to alter the conditions of the victim's employment and create an abusive working environment." *Id.* at 1275. Notably, Plaintiff admitted in his deposition that he didn't mind not talking to his supervisors; however, even if such "distant" behavior did bother him, it would still be insufficient to constitute harassment. Consequently, as Plaintiff fails to allege facts sufficient to support the second prong of the five-part test, his hostile work environment claim must be dismissed.

### VII. Plaintiff's Constructive Discharge Claim

The Court concludes that Plaintiff's Constructive Discharge Claim should also be dismissed, and that summary judgment should be granted in favor of Defendant on this issue.

To state a claim for constructive discharge, a plaintiff must show that his working conditions were so difficult and intolerable that a reasonable person would have been compelled to resign. *Gonima v. Manatee County Sch. Bd.,* 2007 U.S. Dist. LEXIS 30155, *27 (M.D. Fla. Apr. 24, 2007) (citing *Pa. State Police v. Suders,* 542 U.S. 129, 146-47 (2004)). The standard for constructive discharge requires more than a mere showing that the claimant was subjected to actionable harassment, and/or a hostile work environment. *Gonima,* 2007 U.S. Dist. LEXIS 30155 at *27 (citing *Walton v. Johnson & Johnson Servs., Inc.,* 347 F.3d 1272, 1282 (11th Cir. 2003)). As discussed above, Plaintiff cannot show that he was subject to harassment or a hostile work environment. It follows that he cannot support a claim for constructive discharge. Accordingly, this count must also be dismissed.

### VIII. Plaintiff's Apparent Claim of Pattern or Practice Discrimination

Plaintiff's First Amended Complaint contains the terms "pattern" and "practices." Presumably, he intended to include a claim of pattern or practice discrimination. If so, such a claim must be dismissed as Plaintiff has failed to assert any statistical or other evidence indicating that Defendant engaged in any kind of discrimination as a standard practice. *See Joe's Stone Crab,* 220 F.3d at 1286-87 (plaintiff must present statistical, and/or other evidence demonstrating that Defendant engages in discrimination as a standard operating

procedure, as opposed to an unusual practice in order to sustain a claim of pattern or practice discrimination).

### IX.   Plaintiff's Claim for the Intentional Infliction of Emotional Distress

The Court concludes that Plaintiff's claim for the intentional infliction of emotional distress should also be dismissed. Defendant Davey Tree is entitled to summary judgment on this issue as a matter of law.

Under Florida law, in order to state a claim for the intentional infliction of emotional distress, a Plaintiff must show that: (1) the Defendant's conduct was intentional or reckless; (2) such conduct was outrageous; (3) the conduct caused emotional distress, and; (4) such distress was severe. *See, e.g., Martz v. Munroe Reg'l Med. Ctr., Inc.,* 2007 U.S. Dist. LEXIS 49561, *6-7 (M.D. Fla. July 10, 2007) (citing Florida state court cases).

In addition, "'Florida law imposes a very high standard on a plaintiff alleging intentional infliction of emotional distress in the employment realm,' and strongly disfavors this type of claim in the employment context." *Id.* (quoting *Scelta v. Delicatessen Support Servs., Inc.,* 57 F. Supp. 2d 1327, 1357-58 (M.D. Fla. 1999)). Moreover, given the disfavored status of such claims in employment actions, Florida courts will not find the Defendant's conduct to be "outrageous" unless such conduct involves persistent verbal abuse coupled with repeated offensive physical contact. *See, e.g., i.d.*

Here, Plaintiff has failed to allege that he was subjected to *any* sort of verbal or physical abuse, let alone persistent. Accordingly, he cannot establish that Defendant engaged

in "outrageous" conduct. As a result, Plaintiff's claim for the intentional infliction of emotional distress must be dismissed.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Davey Tree Expert Company's Motion for Summary Judgment (Dkt. #33) is hereby GRANTED.

2. The Clerk is directed to enter final summary judgment in favor of Defendant Davey Tree Expert Company and against Plaintiff James Williams.

3. The Clerk is further directed to terminate any pending motions as moot, and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 13, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-2303.msj.33.wpd